✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
DeMARCO REI, INC.,
OPM GROUP, LLC, and
ANTHONY J. DeMARCO, III

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **Eastern District of PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael S. Blume, AUSA
U.S. Attorney's Office, 615 Chestnut St., Suite 1250, Philadelphia, PA 19106
(215) 861-8376

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | 26 USC 7609 | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | ☐ 900Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | to Justice |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | State Statutes |
| | Other | | ☐ 465 Other Immigration | | |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
       Proceeding

☐ 2 Removed from
       State Court

☐ 3 Remanded from
       Appellate Court

☐ 4 Reinstated or
       Reopened

☐ 5 Transferred from
       another district
       (specify)

☐ 6 Multidistrict
       Litigation

☐ 7 Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Anti-Fraud Injunction Statute, 18 U.S.C. § 1345
Brief description of cause:
Injunctive relief to help victims of a mail fraud scheme.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):     JUDGE  Baylson     DOCKET NUMBER  10-CR-790

DATE
12/14/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 2:10-cv-07242JMMBD StaUNitES DiDsuTRICFi edDC 12Cou/1rt0   Page 2 of 36

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _c/o United States Attorney's Office, Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106_

Address of Defendant: _1500 John F. Kennedy Blvd., Suite 222, Philadelphia, PA 19102_

Place of Accident, Incident or Transaction: _Eastern District of Pennsylvania_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _10-CR-790_   Judge _Baylson_   Date Terminated: _N/A - Not Terminated_

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) <u>Anti-Fraud Injunction Statute, 18 U.S.C. § 1345</u>

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Michael S. Blume_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _12/14/2010_   _____   _78525 PA_

Michael S. Blume, Assistant U.S. Attorney   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/14/2010_   _____   _78525 PA_

Michael S. Blume, Assistant U.S. Attorney   Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| DeMARCO REI, INC., | : | |
| OPM GROUP, LLC, and | : | |
| ANTHONY J. DeMARCO, III | : | NO. 10- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| __12/14/2010__ | _Michael S. Blume, AUSA_ | __United States of America__ |
| **Date** | **Michael S. Blume, AUSA** | **Attorney for** |

| | | |
|---|---|---|
| __(215) 861-8376__ | __(215) 861-8618__ | __Michael.Blume@usdoj.gov__ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 10- |
| | : | |
| DeMARCO REI, INC., | : | |
| OPM GROUP, LLC, and | : | |
| ANTHONY J. DeMARCO, III | : | |

### VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The United States of America, by its attorneys, Zane David Memeger, United States Attorney, and Assistant United States Attorneys Michael S. Blume and Stacey L. B. Smith, brings this civil action under the Anti-Fraud Injunction Statute, 18 U.S.C. § 1345. In support of its Verified Complaint, the United States respectfully alleges as follows:

1.      This is a civil action brought by the United States to enjoin defendants DeMarco REI, Inc., OPM Group, LLC, and Anthony J. DeMarco, III, from committing further mail fraud and banking law violations, in connection with a home foreclosure rescue scam; prevent the disposition of property obtained as a result of the defendants' banking law violations; and take other necessary actions to prevent continuing and substantial injury to victims of the fraud.

2.      The defendants are real estate companies and its principal that purported to help homeowners in danger of losing their homes to foreclosure. The defendants would scour public records filings to find individuals in financial distress. They would then approach these individuals and pitch a solution. The pitch – a "sale-leaseback" arrangement – was that the real estate company would buy the homeowner's house. The homeowner would remain in the house, but pay rent to the real estate company. When the homeowner got back on his or her feet financially, the homeowner could re-purchase the house.

3.      In fact, the pitch and the sale-leaseback arrangement were a fraud. If a homeowner agreed to the arrangement, he or she would sell the house to a "straw" party, not the real estate company. The financial documents supporting that sale and the mortgage obtained to finance the sale were often, if not invariably, doctored. The real estate company would forge signatures, create falsified employment and income verification documents, misrepresent the flow of cash, and misstate material facts on loan applications. After the sale, the real estate company would mishandle rental payments. Homeowners – now renting from the "straw" parties – would mail their rent payments to the real estate company. The real estate company generally would not, however, use the rental payments to make the monthly payments on the mortgages on the houses. Instead, the principal of the real estate company would siphon off the funds from the rental payments and use those funds for his own purposes. As the mortgages fell into default, the real estate company would then mislead the lending companies as to the reasons for those defaults in an attempt to satisfy the mortgages on favorable terms and to keep the fraudulent scheme alive.

4.      The defendants entered into approximately 120 sale-leaseback arrangements. The bulk of the 120 properties are in New Jersey and Pennsylvania. Other properties are located in California, Connecticut, Florida, Illinois, Indiana, Maryland, and Maine. Many of the properties have already been foreclosed upon, but all of the remaining properties are in danger of foreclosure. The victims of the fraud are in danger of losing their homes.

5.      The United States seeks relief that will extend beyond the parties to reach the homeowners, the "straw" purchasers, and the mortgage lenders. One purpose of the action is to bring all the individuals and entities that have a stake in the properties before the Court to create

an orderly process by which the damage caused by the defendants' fraud can be mitigated.  That

process, sanctioned by the applicable statutes, will mean that non-party, non-defendants should

be enjoined from engaging in any transactions that will affect the properties at issue here.

## JURISDICTION AND VENUE

6.     This Complaint is brought by the United States for a temporary restraining order

and preliminary injunction and other equitable relief pursuant to 18 U.S.C. § 1345.  The action is

brought to enjoin fraud and the disposition of illegally obtained property based upon probable

cause of violations of the federal mail fraud statute (18 U.S.C. § 1341), which violations affect

financial institutions and continue to harm individuals.  The United States seeks to enjoin the

defendants, the "straw" parties, and the relevant mortgagees, from selling, transferring,

encumbering, impairing, alienating or otherwise disposing of, in any manner, the properties listed

in Exhibit A.  The United States also seeks to prevent the defendants, their agents, officers, and

employees, and all persons in active concert or participation with them from committing further

mail fraud and banking law violations and, seeks any other action the Court deems necessary to

prevent a continuing and substantial injury to the victims of the fraud.

7.     The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §

1345 and 28 U.S.C. §§ 1331 and 1345.

8.     The Court has personal jurisdiction over the defendants and venue is proper in this

District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) as all the defendants either reside in this

District or did business in this District, and defendants' actions that gave rise to this complaint all

occurred in this District.

3

## PARTIES

9.      Plaintiff is the United States of America.

10.     Defendant DeMarco REI, Inc. is a Pennsylvania corporation with a principal place

of business at 1500 J.F.K. Boulevard, Suite 222, Philadelphia, PA 19102.

11.     Defendant OPM Group, LLC is a business entity with a principal place of

business at 640 Freedom Road, Suite 201, King of Prussia, PA 19406.

12.     Defendant Anthony J. DeMarco, III, is currently a Pennsylvania resident.  While

for some time DeMarco was a New Jersey resident, during most of the time that the events

described in the Verified Complaint occurred, DeMarco was a resident of Pennsylvania, living in

this District.  He founded DeMarco REI and was its President and Chief Executive Officer.

DeMarco also founded OPM Group, LLC and is its principal.

## FACTUAL BACKGROUND

### The Fraudulent Scheme

13.     The fraud at issue began at DeMarco REI, Inc. (hereafter "DeMarco REI").

14.     Anthony J. DeMarco, III (hereafter "DeMarco") founded DeMarco REI in 2006.

The company sold itself as able to help homeowners in financial distress save their homes.

15.     Employees of DeMarco REI found potential clients by examining public records.

From these public records, the employees could identify properties that were subject to mortgage

foreclosure actions.  The employees would then contact the owners of these properties, by

telephone or through the mails, to offer DeMarco REI's services.

16.     The employees would explain DeMarco REI's services to potential clients as

follows.  DeMarco REI would purchase the house from the homeowner, thereby paying off the

4

outstanding mortgage. The homeowner would stay in the house, but pay rent to DeMarco REI. After a year, the homeowner could purchase the house back from DeMarco REI. If there was equity in the house at the time of the sale – that is, if the value of the house exceeded the outstanding principal on the mortgage – DeMarco REI would put that money into escrow for the homeowner, either to use as rental payments if necessary or to return to the homeowner at the time of the re-purchase. The DeMarco REI company line held that 20-25% of the homeowners who worked with the company bought their homes back.

17.     The sales pitch outlined above was not true. The actual transactions that DeMarco REI would conduct were very different from the pitched transactions.

18.     First, DeMarco REI did not purchase the house from the homeowner. Rather, DeMarco REI recruited people who could act as straw purchasers of the houses. The company advertised in various newspapers, touting a real estate investment opportunity. Individuals who responded were told that they would be helping out homeowners in financial distress. The investors would let DeMarco REI use their good credit to obtain mortgages to buy the houses from these homeowners. The homeowners would stay in the houses and pay rent to DeMarco REI, which, in turn, would pay for the mortgages. It was the investors, not DeMarco REI, who now owned the houses of the DeMarco REI clients. For their trouble, the investors would get a fee – sometimes $5,000, sometimes $7,500 – from DeMarco REI for each transaction.

19.     Second, the sales transactions – from the homeowner to the investor – were riddled with fraudulent documents. As matter of course, DeMarco REI employees falsified the documents associated with the sales transactions. It was routine for the employees to engage in the following fraud:

5

a.     DeMarco REI employees filled out mortgage loan applications using false income and employment information and submitted those applications to lenders for loans to finance the sales from the homeowners to the investors.

b.     To support the false income and employment information on the loan applications, DeMarco REI employees created false verification documents (e.g., pay stubs, bank statements, investment account statements) on company computers. These false documents were also submitted to lenders.

c.     DeMarco REI employees commonly forged the signatures of homeowners and investors alike on real estate and mortgage transaction documents. They used a clever system of placing two strips of Scotch tape over a legitimate signature, tracing the signature, removing the top strip, applying that strip to a separate document, and photocopying the document.

d.     DeMarco REI employees hid from lenders the fact that the investors were purchasing multiple houses, a risky venture. An investor typically acted as a straw purchaser of several houses. The DeMarco REI employees made sure that, when an investor bought more than one house, the several transactions all occurred within a very short time frame. That way, the DeMarco REI employees could falsely tell each lender that the investor was only purchasing one house – a less risky proposition – without the lenders learning of the other purchases. The close together transactions would not appear in public records in time for lenders to learn of them during their due diligence.

e.     DeMarco REI employees prepared paper work purporting to show that the investors brought cash to the real estate closings. Bringing cash to the real estate closings was a

6

necessary element of any mortgage loan because the lenders wanted to ensure, in part, that the borrowers had the financial ability to repay the loans. The investors, in fact, put no money into the deals at all. To the contrary, they got money out of the deals.

      f.     DeMarco REI employees prepared fake leases to include in the loan application packages. Aware that the house purchases were for investment purposes, the lenders wanted to know whether the houses would generate income, thereby making it more likely that the borrowers would be able to repay the loans. DeMarco REI employees therefore created fake leases, using fake names for the renters (but actual property addresses – of former residences of friends or family, or of residences the employees found on the internet). The employees then submitted those fake leases to the lenders to support the loan applications.

     20.     Lenders relied on the false information DeMarco REI employees provided to them. They therefore issued mortgage loans that they otherwise would not have issued, had they known the truth about the transactions.

     21.     Third, DeMarco REI misused rental payments. As homeowners made the rental payments – by mail or in person – DeMarco REI deposited them in a company bank account. That money was meant to pay the mortgages on the loans that financed the sale of the houses from the homeowners to the investors. Rather than making the monthly mortgage payments, however, DeMarco REI used the money from the rental payments for other purposes. For example, the money paid for DeMarco's lavish lifestyle, which included a high-end apartment and luxury cars.

     22.     Fourth, DeMarco REI never created any escrow accounts for the homeowners. To the extent that the sales transaction from the homeowner to the investor yielded equity – that is,

to the extent the sale price exceeded any outstanding loan balance – the excess money went into a DeMarco REI company bank account.  That money was not held in escrow or segregated in any way.  Instead, that money was used to pay for DeMarco's lavish lifestyle.

23.     Fifth, no homeowner re-purchased his or her house from DeMarco REI.  Contrary to the company's sales pitch, there was not a 20-25% success rate for the company's clients.  In fact, not a single client was able to re-purchase his or her house.

24.     One family – M.S. and L.S. – did acquire the wherewithal to re-purchase their house, but DeMarco victimized them even further.  The family obtained a large cash settlement in connection with litigation.  The family wanted to use some of the settlement proceeds to re-purchase their house from DeMarco REI.  They contacted DeMarco himself, who advised them to wire the money to him at a special bank account.  The family believed that, by doing so, they would pay off whatever debt they may have owed and that they would have their house returned to them.  They wired the money, as DeMarco instructed.  DeMarco withdrew the money, went to a luxury sports car dealer, and purchased a Ferrari for himself.  He did not pay off any debt the family owed; he did not return their house to them.  DeMarco has since sold the car and dissipated the assets.

25.     DeMarco himself conceived of the sale-leaseback arrangements.  DeMarco also directed DeMarco REI employees to engage in the fraudulent conduct described herein.

**The Affected Properties**

26.     DeMarco REI engineered approximately 120 sale-leaseback transactions.  Upon information and belief, Exhibit A contains a comprehensive list of those transactions.  Exhibit A is incorporated herein as if fully set forth.  Exhibit A identifies the transaction by property

address, original homeowner, "straw purchaser" or investor name, lender, lender account number, and lender address.  All of the lenders are financial institutions as defined by 18 U.S.C. § 20.

27.     All of the loans identified on Exhibit A are in danger of foreclosure.  In several instances, lenders have already instituted foreclosure proceedings on the loans.

**Examples of DeMarco REI Transactions**

28.     A description of five DeMarco REI transactions will serve to illustrate the fraudulent scheme that victimized – and is continuing to victimize – homeowners.

a.     A.B., who lived on Garden Lane in Bensalem, Pennsylvania, fell behind on his mortgage.  A.B. is a trucker and mechanic who has faced some employment difficulties in recent years, having been laid off, rehired, then laid off again from one of the two jobs he works. He got a telephone call from a DeMarco REI employee who told A.B. that DeMarco REI could help him save his house.  DeMarco REI arranged for A.B. to sell his house to S.R. in December 2008.  For his trouble, S.R. got paid $4,000 from DeMarco REI.  The sale from A.B. to S.R. would pay off the mortgage on A.B.'s house.  A.B. would then rent the house from S.R. until A.B. could afford to purchase the house back.  American Partners Bank, an affiliate of Waterfield Bank, provided the financing to S.R. to purchase the house.  S.R. was unemployed at the time of the purchase; he had just lost his job.  DeMarco REI took care of that problem by drafting a letter stating that S.R. worked for DeMarco REI earning a salary plus commission.  DeMarco REI also told the lender, on the telephone, that S.R. worked at the company.  And, DeMarco REI created a pay stub showing S.R.'s income from the company.  None of it was true; S.R. never worked for DeMarco REI.  At the time of the sale from A.B. to S.R., there was over $100,000 in equity in

the house.  DeMarco REI employees told A.B. that the company would create an escrow for A.B. to hold that equity.  That escrow never existed.  All of the equity in the house went to DeMarco; none went to A.B.  A.B. lived in the house about a year after the sale to S.R.; he paid rent to DeMarco REI to do so.  A.B. did fall behind on his rent and, in late 2009, S.R. evicted A.B. from his home.

b.     P.H. is a school bus driver who lives on Glasgow Street in Stowe, Pennsylvania.  She lives with her daughter, son-in-law, and grandson.  She did not have a mortgage on her house.  A few years ago, P.H. suffered some medical problems.  Bills began to mount and she realized that she needed money to pay her creditors.  DeMarco REI employees called her and told her the company could help.  She needed about $40,000.  Rather than re-financing the house – on which there was no mortgage – DeMarco REI arranged to sell the house from P.H. to M.B.  P.H. did not understand that DeMarco REI had arranged to sell her house. Not until after she had signed all the papers did she realize that she had sold her house and that she was now a tenant.  Flagstar Bank provided the financing used for the sale from P.H. to M.B. Loan paperwork stated that M.B. put up $54,000 to purchase the house and that he was going to live in the house as his primary residence.  M.B. put no money into the house; rather, DeMarco REI paid him $4,000.  And, he had no intention of ever living in the house; rather, it was to be rented to P.H.  P.H. paid rent on her house by sending money to DeMarco REI.  But, the mortgage payments somehow fell behind.  The mortgage is now in default.

c.     T.P. lived on 36th Avenue in Monroeville, New Jersey with her husband. T.P. lived in the house her entire life; she inherited it from her godmother.  The deed to the house transferred to T.P. when she turned 21 in 2007.  To pay for family bills, T.P. and her husband

took out a mortgage on the house and then re-financed that mortgage. When T.P.'s husband was laid off from his job, the family fell behind on their mortgage payments. The lender began foreclosure proceedings. A DeMarco REI employee then called. He said that the company could arrange to sell their house to an investor and T.P. and her husband could stay in the house, pay rent, and then buy it back when they could afford to do so. DeMarco REI arranged to sell the house to S.R. DeMarco REI paid S.R. $4,000 for his role in the transaction. A loan from Freedom Mortgage financed the transaction. The mortgage loan application papers state that S.R. worked for DeMarco REI and that he had over $200,000 in a bank account. S.R. neither worked for DeMarco REI nor ever had close to $200,000 in any bank account. The application papers also stated that S.R. was going to purchase the house as an investment and lease it to R.J. The paper work even included a false lease from S.R. to R.J. meant to hide from the lender the fact that T.P. was going to stay in the house. With the equity from the house, DeMarco REI was to maintain a reserve for T.P. The company did no such thing. What is more, the settlement statement from the transaction indicated that S.R. brought over $50,000 to the closing and that T.P. received over $75,000. Neither happened. Instead, the $75,000 went to DeMarco REI, a fact not disclosed to the mortgage lender. T.P. paid rent to DeMarco REI each month.

       d.      S.W. lives on Tioga Street in Philadelphia. S.W. inherited the house from her grandmother. Putting a mortgage on the house, S.W. borrowed money to pay back taxes and accumulated debt. By late 2008, she was in financial distress, was unable to pay the mortgage, and was facing foreclosure. Her husband received a letter in the mail from DeMarco REI claiming that the company could help to save the house. S.W. agreed to the plan DeMarco REI suggested. She would sell the house – which would pay off the existing mortgage – and rent it

from the new owner. Once she could afford to purchase the house, she could buy it back. In the transaction, S.W. sold the house to J.G. Although the settlement statement provided to the lender indicated that J.G. brought over $12,000 to the closing, J.G. did not put any money into the deal. Instead, she received $4,000 from DeMarco REI for her role in the transaction. AmTrust Bank provided the mortgage to finance the sale from S.W. to J.G. There was equity in the house of over $20,000. DeMarco REI promised that the equity would be held in reserve for S.W. On at least one occasion, S.W. asked for some of that money to help her pay her debts. DeMarco REI refused. S.W. began paying rent to DeMarco REI. She was current on her payments. Somehow, however, the mortgage on the property fell into default.

      e.     J.J. lives on Woodbine Road in Havertown, Pennsylvania. Laid off from his job and suffering from a back injury, J.J. fell behind on his mortgage. He faced foreclosure. A lawyer referred him to DeMarco REI. DeMarco REI would arrange to sell J.J.'s house. The sale would pay off the mortgage. J.J. could remain in the house and would pay rent. When J.J. got back on his feet financially, he could re-purchase the house. J.J. believed that DeMarco REI was going to purchase his house; in fact, D.V. was the buyer. Superior Home Mortgage provided the financing for D.V. to buy the house. The loan application papers stated that D.V. would live in the house as his primary residence. That statement was, of course, false. According to the settlement statement, D.V. brought over $25,000 to the closing and J.J. received over $74,000 – the equity in the house. Neither actually happened. In fact, the equity went right to DeMarco REI. And, the money that was supposed to come from D.V. actually came from DeMarco REI. After the sale, J.J. began to make rental payments to DeMarco REI. He continued those payments monthly, but J.J. soon learned that the mortgage on the house was again in foreclosure.

12

The mortgage is now held by Wells Fargo.

### Involvement of OPM Group, LLC

29.     Because of a dispute between DeMarco and his wife, B.T., in July 2009, DeMarco renounced any association he had with DeMarco REI. Upon information and belief, DeMarco REI's operations have ceased.

30.     DeMarco then formed a new company, OPM Group, LLC (hereafter "OPM"). He recruited several former DeMarco REI employees to work with him at OPM.

31.     Throughout 2009 and up until at least January 4, 2010, OPM employees, including DeMarco himself, contacted DeMarco REI clients by telephone and e-mail. OPM employees told these clients to mail their rental payments to OPM, rather than to DeMarco REI.

32.     OPM managed a number of the properties involved in the fraud. DeMarco directed that "management," such as it was. OPM collected rental payments from the original homeowners of several of the properties listed on Exhibit A, but did not pay the mortgages on those properties, however. OPM took steps to attempt to evict original homeowners from several of the properties listed on Exhibit A. OPM also took steps to attempt to sell several of the properties listed on Exhibit A.

33.     An example of one of the properties OPM managed is the house on Eastern Parkway in Irvington, New Jersey. L.S. owned the house in 2007 when she fell on financial hard times. Her mortgage was in default. That was when DeMarco REI contacted her. As with many other transactions it has conducted, DeMarco REI structured a sale of L.S.'s house to a "straw" purchaser, S.A. The sale occurred in September 2007. DeMarco REI took $83,742.55 from the sale as a "fee." That money was L.S.'s equity in the house. L.S. continued to live in the house

and paid monthly rent.  She paid that rent to DeMarco REI.  Then, when DeMarco REI went out of business, L.S. began to send rental payments to OPM.  Her most recent rental payment to OPM was in October 2009.  She still pays rent, but does so into an escrow account.  DeMarco himself has been in contact with L.S., promising that he can help her get her house back.  The mortgage loan used to finance the 2007 sale is in foreclosure, and the current owner of the house, S.A.'s son, had been seeking to evict L.S.

34.     OPM also engaged in transactions structured just like those of DeMarco REI.  An example involves G.C.  G.C. lives on Primrose Avenue in Philadelphia.  She bought her home from the builder in 1959.  G.C. and her husband raised four children in the house, one of whom still lives with her.  She is retired; her husband passed away in 2000.  As of 2005, the house was free and clear of any mortgages.  G.C. needed some money; so she took out a loan.  In recent years, because of medical problems and the bills associated with her care, G.C. fell behind on the mortgage.  She received a foreclosure notice.  That was when DeMarco contacted her, in August 2009.  DeMarco told G.C. that he could help her avoid foreclosure.  What she did not understand, was that she was about to sell her house to a "straw" purchaser, and then rent it back.  The sale transaction closed in September 2009.  In that sale, G.C. sold the house to J.M.  The considerable equity from the house went straight to OPM.  OPM received $97,000.  She was required to pay rent of $1,000 to live in her home.  As late as the week of January 4, 2010, a representative of OPM called G.C. and told her to mail those payments to OPM at an address in Philadelphia.  G.C. has since passed away.  Her family, which stood to inherit the property, is attempting to resolve her affairs.  The property is due to be sold at Sheriff's Sale imminently.

14

**The Effect of the Fraud Is Ongoing, and the Properties Are Being Disposed Of**

35.    Because most, if not all, of the mortgages on the properties listed on Exhibit A are in default, several of the mortgage lenders are instituting foreclosure actions.  The actions would result in forcing the original homeowners out of their homes.  For example, Sheriff's Sales had and have been scheduled for September, October, November, and December, 2010.  The United States has been attempting to keep those sales from occurring.

36.    Several of the investors, in attempts to remove themselves from the fraud, are attempting to sell or otherwise dispose of the properties that are in their names.  In so doing, several of the investors are moving to evict the original homeowners from their homes.

## COUNT I (INJUNCTIVE RELIEF)
### 18 U.S.C. § 1345

37.    The United States realleges and incorporates by reference herein the preceding paragraphs of this Complaint as though fully set forth herein.

38.    Among other illegal actions, the defendants violated 18 U.S.C. § 1341 by committing mail fraud by executing a scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, with the intent to defraud, and, in so doing, used the United States mails and/or a private or commercial interstate carrier.

39.    The mail fraud committed by the defendants affected a financial institution, as "financial institution" is defined in 18 U.S.C. § 20.

40.    The mail fraud committed by the defendants is a banking law violation as defined by 18 U.S.C. § 3322(d).

41.    The United States seeks, pursuant to 18 U.S.C. § 1345(a)(2), a temporary

15

restraining order and injunction that bars the defendants, their agents, officers, and employees, all

persons in active concert or participation with them, and all persons and entities receiving notice

of the injunction, from alienating, withdrawing, transferring, removing, dissipating, or disposing

of any property obtained as a result of the defendants' banking law violations without prior

approval of the Court.

42.     The United States also seeks, pursuant to 18 U.S.C. § 1345(b) a temporary

restraining order and injunction restraining all future fraudulent conduct and any other action that

the Court deems just in order to prevent a continuing and substantial injury to the persons and

entities affected by the defendants' mail fraud, including without limitation the homeowners who

entered into sale-leaseback arrangements and the lenders who provided mortgages to finance

those arrangements.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff United States of America prays that this Court:

Issue a Temporary Restraining Order and Preliminary Injunction in this matter enjoining

the defendants and all those receiving notice of the Order and/or Injunction, including third

parties to this action, as follows:

1.     Prohibiting the defendants, their agents, officers, and employees, and all persons

in active concert or participation with them, from committing any banking law violation as

defined by 18 U.S.C. § 3322(d);

2.     Prohibiting the defendants, their agents, officers, and employees, and all persons

in active concert or participation with them, from making or conspiring to make any false

statements to any financial institutions with respect to any real estate transaction;

3.      Prohibiting the defendants, their agents, officers, and employees, and all persons in active concert or participation with them, from participating in any real estate, mortgage, or real property rental transaction except, in the case of the individual defendant, for such transactions involving the individual's personal and primary residence;

4.      Prohibiting the defendants, their agents, officers, and employees, and all persons in active concert or participation with them, and all those receiving notice of any Order and/or Injunction from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, the properties listed on Exhibit A without prior approval of the Court;

6.      Ordering the defendants, their agents, officers, and employees, and all persons in active concert or participation with them, and all those receiving notice of any Order and/or Injunction to preserve all business, financial, accounting, and other records concerning the operations of DeMarco REI, Inc. and OPM Group, LLC; and

17

7.     For such other and further relief as the Court shall deem just and proper.

ZANE DAVID MEMEGER
United States Attorney

First Assistant U.S. Attorney

MARGARET L. HUTCHINSON
Chief, Civil Division

MICHAEL S. BLUME
STACEY L. B. SMITH
Assistant United States Attorneys
615 Chestnut St., Suite 1250
Philadelphia PA 19106

Dated:  12/14/10

## VERIFICATION

1.      I, Corey Maser, am a Special Agent of the Federal Bureau of Investigation assigned to this matter.

2.      I hereby verify, under penalty of perjury, that the facts contained in the Verified Complaint for Temporary Restraining Order and Preliminary Injunction are true and correct to the best of my knowledge, and are based upon information obtained during the investigation of this matter.

Corey Maser
Special Agent
Federal Bureau of Investigations

Dated: _12/14/10_

# Exhibit A

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 1 | 10 7th Ave., Cherry Hill, NJ 08003 | R.M. & N.M. | C.R. | Indymac 1010505590 | OneWest Bank c/o Corporation Service Co. 2711 Centerville Road Wilmington, DE 19808 |
| 2 | 100 Errickson Ave., Moorestown, NJ 08057 | M.S. & A.S. | S.T. | Indymac 1010810701 | OneWest Bank c/o Corporation Service Co. 2711 Centerville Road Wilmington, DE 19808 |
| 3 | 100 Norman Ave., Roebling, NJ 08554 | Estate of D.B. | E.A. & M.A. | AmTrust 1671719 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 4 | 103 Tecemseh Trail, Browns Mills, NJ 08015 | A.D. | L.P. | Countrywide 191626811 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 5 | 104 36th Ave., Monroeville, NJ 07111 | M.P. & T.P. | S.R. | Freedom Mortgage c/o LSC 4767471 | Freedom Mortgage LoanCare Servicing Center, Inc. Attention: Legal Department 3637 Suntara Way, Suite 303 Virginia Beach, VA 23452 |
| 6 | 108 Washington Ave., Irvington, NJ 07111 | L.B. & S.R. | G.M. | Countrywide 194043442 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 7 | 11 Christine Place, Washington, NJ 07882 | F.D. & K.D | M.H. | Countrywide 171778042 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 8 | 11 Hampton Lane, Willingboro, NJ 08046 | C.B. & F.B. | K.H. | Freedom Mortgage c/o LoanCare Servicing Center, Inc. 4772612 | Freedom Mortgage LoanCare Servicing Center, Inc. Attention: Legal Department 3637 Suntara Way, Suite 303 Virginia Beach, VA 23452 |
| 9 | 11 Louis St., Perth Amboy, NJ 08861 | A.V. & N.V. | T.B. | Bank of America | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 10 | 11 Pima Court, Randallstown, MD 21133 | W.T. | J.S. | Wells Fargo 259234664 | Wells Fargo Home Mortgage Attention: Legal Department 1 Home Campus MACX2401-06T Des Moines, IA 50328 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 11 | 11 Ridgehurst Rd., West Orange, NJ 07052 | M.L. | S.P. | Atlantic Pacific Mortgage 1015100094 | CitiMortgage Attention: John James 1000 Technology Dr., MS140 O'Fallon, MO 63368 |
| 12 | 1101 Jenkins Parkway, Brigantine, NJ 08203 | A.M.C.F. | B.T. | Countrywide 168139906 & 168139914 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 13 | 111 20th Street, Union City, NJ 07087 | C.M. | C.R. | Taylor Bean & Whitaker 2277514 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 14 | 1128 Birch St., Reading, PA 19604 | J.B. & E.B. | J.S. | BB&T 6991821897 | BB&T Attention: John P. Harmon 301 College Street Greenville, SC 29601 |
| 15 | 12 Fairfax Rd., Edison, NJ 08817 | B.C. & M.L.C. | B.A. | Flagstar Bank 502335601 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 16 | 1206 Cornell St., Vineland, NJ 08360 | M.S. & C.S. | F.P. | GMAC 047-757606-0 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 17 | 122 Devon Rd., Somers Point, NJ 08244 | B.S. & W.S. | C.R. | Countrywide 180299658 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 18 | 122 Eastern Pkwy., Irvington, NJ 07111 | L.M.S. | S.A. | Chase 1860403319 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 19 | 1233 W. Tioga St., Philadelphia, PA 19140 | S.W. & T.W. | J.G. | AmTrust Bank 1714396 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 20 | 124 South Broad Street, Penns Grove, NJ 08069 | D.R. | Z.J. | GMAC 477510598 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA  19034 |
| 21 | 133 Center Avenue, Chesilhurst, NJ 08089 | G.M. | M.L. | Countrywide 169629122 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 22 | 1432 Filbert St., Glassboro, NJ 08028 | V.G. | J.T. | Countrywide 183707341 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 23 | 145 Country Club Blvd., Little Egg Harbor, NJ 08087 | T.H. & D.H. | W.D. | Flagstar Bank 502318881 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI  48098 |
| 24 | 1473 Bond St., Hillside, NJ 07025 | K.R. & M.F. | B.R. | Countrywide 175538987 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 25 | 15 Catawba Ave., Newfield, NJ 08344 | A.M. & E.M. | W.D. | AmTrust Bank 1745384 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH  44114 |
| 26 | 1507 Mason Run, Pine Hill, NJ 08021 | N.B. | J.O. | Countrywide 194522298 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 27 | 1540 Elmwood Avenue, Kissimmee, FL 34744 | J.A. & S.A. | D.H. | Countrywide 130634503 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 28 | 16 Chicory Street, Browns Mills, NJ 08015 | G.M. & T.M. | J.A. | GMAC 047-753745-0 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA  19034 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 29 | 16 Macarthur St., Spotswood, NJ 08884 | M.S. & L.S. | M.B. | Specialized Loan Servicing 1002915275 | Specialized Loan Servicing Attention: Legal Department P.O. Box 636005 Littleton, CO 80163-6005 |
| 30 | 160 Jeff Street, Edison, NJ 08837 | D.D-H. | C.R. | Countrywide 188255908 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 31 | 161 New York Ave., Jersey City, NJ 07307 | F.V. | EA. & M.A. | GMAC 047-757434-7 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 32 | 165 Watchung Place, Nutley, NJ 07110 | A.D. | J.O. | Flagstar Bank 502216872 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 33 | 17 Shawnee Trail, Sparta, NJ 07871 | T.D. | C.R. | Bank of America 6416936075 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 34 | 1766 45th St., Pennsauken, NJ 08110 | R.H. | S.R. | Citi AOT 00-1120446499 | CitiMortgage Attention: John James 1000 Technology Drive MS140 O'Fallon, MO 63368 |
| 35 | 18 Cypress Point Rd., Westampton, NJ 08060 | A.T. | M.H. | Chase 1760708631 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 36 | 18 Hinsdale Lane, Willingboro, NJ 08046 | A.T. | B.K. | Countrywide 159330524 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 37 | 18 New Street, Westville, NJ 08093 | B.D. | J.T. & K.T. | Countrywide 182685087 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 38 | 19 East Main St., High Bridge, NJ 08829 | D.R. & J.R. | S.P. | Freedom Mortgage Corp 0083168153 | Freedom Mortgage LoanCare Servicing Center, Inc. Attention: Legal Department 3637 Suntara Way, Suite 303 Virginia Beach, VA 23452 |
| 39 | 2 Christopher Ct., Lincoln, NJ 07035 | R.P. | D.P. | Flagstar Bank 502315365-2 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 40 | 2 South Harley Ave., Gloucester, NJ 08110 | K.H. | K.H. | GMAC 0-640206542 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 41 | 20 Dunham Loop, Berlin, NJ 08009 | J.G. | B.T. | Chase 1760724660 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 42 | 205 Cayuga Tr., Browns Mills, NJ 08015 | S.D. | J.B. | Chase 1760726859 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 43 | 21 Diamond Drive, Egg Harbor Twp., NJ 08234 | P.R. & G.R. | M.B. | Countrywide 179434403 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 44 | 211 Flack Street, Toms River, NJ 08753 | R.B. | L.B. | Countrywide 183837133 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 45 | 2165 Arthur Pass, New Lenox, IL 60451 | M.S. & M.S. | B.T. | Countrywide 141276218 (1st Mortgage) & 141276210 (2nd Mortgage) | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 46 | 22 N. Pearl Street, Millville, NJ 08332 | T.M. & C.M. | R.H. | Chase 1760759315 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 47 | 220 Donna Lane, Birdsboro, PA 19508 | L.M. & N.M. | G.M. | BB&T 6991822966 | BB&T Attention: John P. Harmon 301 College Street Greenville, SC 29601 |
| 48 | 221 Pelican Court, Foster City, CA 94404 | D.H. | L.T. | ASC 1158065836 (1st Mortgage) GMAC 0-359419002 (2nd Mortgage) | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 49 | 225 South Melville St., Philadelphia, PA 19139 | M.P. | J.O. | AmTrust Bank 1086447 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 50 | 23 Marjorie Way, Hamilton, NJ 08690 | S.S. & D.S. | Y.K. | Chase 1860467650 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 51 | 2305 Catherine St., Philadelphia, PA 19146 | S.C. | J.B. | Bank of America 6780803646 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 52 | 24 Crestmont Rd., Verona, NJ 07044 | W.S. | L.T. | Countrywide 152525544 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 53 | 250 Center Road, Elmer, NJ 08318 | C.M. & P.M. | D.H. | Chase 1760768236 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 54 | 26 Georgetown Blvd., Barnegat, NJ 08005 | D.M. | Y.K. | Wells Fargo 0-206631772 | Wells Fargo Home Mortgage Attention: Legal Department 1 Home Campus MACX2401-06T Des Moines, IA 50328 |
| 55 | 2620 Finlaw Ave., Pennsauken, NJ 08109 | P.P. | C.R. | Taylor Bean & Whitaker 2278728 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 56 | 268 Montclair Ave., Vauxhall, NJ 07088 | E.S. & T.S. | D.P. | GMAC (0)477620421 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 57 | 2715 Fries Mills Rd., Williamstown, NJ 08094 | R.C. & A.C. | B.R. | Countrywide 189266625 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 58 | 281 Lyme Street, Hartford, CT 06114 | S.J. | B.T. | AHMSI - American Home Mortgage Servicing Inc. 4001401886 | American Home Mortgage Servicing, Inc. Fax: 866-795-6529 |
| 59 | 285 Fairview Ave., Hampton Twp., NJ 07860 | V.R. & S.L.-R. | J.S. | Citimortgage 2005217484-2 | CitiMortgage Attention: John James 1000 Technology Drive MS140 O'Fallon, MO 63368 |
| 60 | 2953 Garden Lane, Bensalem, PA 19020 | A.B. | S.R | Waterfield Bank 00000-28661 | Waterfield Bank Operations and Services 18881 Von Karman, Suite 1700 Irvine, CA 92612 |
| 61 | 30 Francis Ave., Hamilton Twp., NJ 08629 | R.S.-C. & V. S.-C. | D.H. | Chase 1760737185 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 62 | 303 Ardmore Ave., Trenton, NJ 08629 | J.B. & J.B. | N.A. | Freedom Mortgage 00-82916750 | Freedom Mortgage LoanCare Servicing Center, Inc. Attention: Legal Department 3637 Suntara Way, Suite 303 Virginia Beach, VA 23452 |
| 63 | 303 E. Magnolia Ave., Galloway, NJ 08205 | Estate of A.A. | D.P. | Taylor Bean & Whitaker 2969091 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 64 | 306 Cayuga Trail, Browns Mills, NJ 08015 | D.M. | J.O. | Freedom Mortgage 00-82669110 | Freedom Mortgage LoanCare Servicing Center, Inc. Attention: Legal Department 3637 Suntara Way, Suite 303 Virginia Beach, VA 23452 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 65 | 31 Deidre Drive, Egg Harbor Twp., NJ 08234 | R.H. & M.E.-H. | M.B. | Bank of America 6310076382 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 66 | 31 Indian Hill Rd., Freehold, NJ 07728 | S.R.H. | W.D. | Central Mortgage Company 5779275962 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 67 | 3223 E. 2160th Ave. Montrose, IL 62445 | M.C. & T.C. | G.G. | GMAC    0-601696557 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 68 | 33 Jensen Ave., Fords, NJ 08863 | M.J. | N.A. | AmTrust Bank 1818312 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 69 | 34 Clinton Ave., Clifton, NJ 07011 | S.W. & E.P. & H.P. | E.C. | Countrywide 154397463 (1st Mortgage) & 154397479 (2nd Mortgage) | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 70 | 3444 Primrose Rd. Philadelphia, PA 19114 | G.C. | J.M. | Oak Mtg. LLC 52128652 | First Niagara Bank Legal Documents Fax: 716-838-8920 |
| 71 | 346 State St., Cherry Hill, NJ 08034 | E.D. & A.D. | M.H. | Indymac 3002748949 | OneWest Bank c/o Corporation Service Co. 2711 Centerville Road Wilmington, DE 19808 |
| 72 | 3520 Sunnyside Ave., Philadelphia, PA 19129 | D.H. | L.P. | Wells Fargo 259290435 | Wells Fargo Home Mortgage Attention: Legal Department 1 Home Campus MACX2401-06T Des Moines, IA 50328 |
| 73 | 36 Nevada Dr., Hazlet, NJ 07730 | L.W. & J.S. & O.S. | M.L. | Countrywide 176852392 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 74 | 3670 Academy Rd., Philadelphia, PA 19154 | J.O. | M.P. | Taylor Bean & Whitaker 2879447 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 75 | 37 Kossuth St., Newark, NJ 07105 | O.M.D. | W.D. | AmTrust Bank 1745186 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 76 | 370 Fox Hunt Dr., Nottingham, PA 19362 | C.A. & G.A. | L.T. | Countrywide 129988134 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 77 | 3817 N. Park Ave., Philadelphia, PA 19140 | N.M. | Z.J. | AmTrust 1755340 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 78 | 387 Centerton Rd., Bridgeton, NJ 08302 | J.S. | M.H. | GMAC 0-713270814 (1st Mortgage) and ASC 1158067415 (2nd Mortgage) | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 79 | 4 Blanche Drive, New Egypt, NJ 08533 | M.O. & T.O. | R.A. | Chase 1760706283 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 80 | 4 Constellation Place Unit #106, Jersey City, NJ 07305 | M.M. & C.M. | M.H. | Countrywide 158295285 (1st Mortgage) & 158295293 (2nd Mortgage) | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 81 | 40 Jewett Ave., Jersey City, NJ 07304 | B.P. | J. B. | Countrywide 177082291 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 82 | 406 Princess Ave., Croyden, PA 19021 | L.B. | J.O. | Amtrust Bank 1086456 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 83 | 435 E. Malaga Rd., Williamstown, NJ 08094 | S.H. & R.H. | M.H. | Chase 1760715808 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |

|    | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|----|------------------|--------------------|-------------------------|----------------------------|-------------------------------------|
| 84 | 45 Robert St. Buxton, ME 04093 | W.R. & J.R. | T. S. | Ocwen Loan Servicing 40541799 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 85 | 4546 N. Front St., Philadelphia, PA 19140 | A.O. | K.H. | Citi Mortgage 1120512736-5 | CitiMortgage Attention: John James 1000 Technology Drive MS140 O'Fallon, MO 63368 |
| 86 | 4601 Saint David's St., Philadelphia, PA 19127 | M.A.P. | J.A. & S.A. | Taylor Bean & Whitaker 2867897 | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 87 | 4905 Bala Court, Unit 177, Mays Landing, NJ 08021 | K.M. | F.T. | Countrywide 188042896 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 88 | 513 West Marshall St., West Chester, PA 19380 | J.B. & E.B. | L.B. | CHASE 1749417781 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 89 | 530 N Harrisburg Ave., Atlantic City, NJ 08401 | G.N. | K.H. | AmTrust Bank 2194925 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 90 | 5311 22 NE Terrace, Ocala, FL 34483 | J.F. | B.T. | Home Eq. Servicing 325346690 (1st Mortgage) & 325320455 (2nd Mortgage) | HomeEq Servicing c/o CT Corporation 818 West 7th Street Los Angeles, CA 90017 |
| 91 | 535 East Ave., Glenside, PA 19038 | N.N. | G.M. | AmTrust Bank 7724953 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 92 | 56 Bennett St., Phillipsburg, NJ 08690 | L.P. & C.S. | D.W. | Bank of America 6019065710 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 93 | 58 Terrace Ave. Pine Hill, NJ 08021 | F.B. | C.A. | NovaStar Mortgage | Ocwen Servicing c/o Corporation Service Co. 2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
| 94 | 5890 Route 412, Reigelsville, PA 18077 | D.B. & S.B. | M.H. | Countrywide 166182624 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 95 | 59 Lehigh Ave., Avenel, NJ 07001 | L.M. | D.H. | Indymac 3002773509 | OneWest Bank c/o Corporation Service Co. 2711 Centerville Road Wilmington, DE 19808 |
| 96 | 5922 Christian Street, Philadelphia, PA 19143 | M.L.T. | E.A. & M.A. | BB&T 6991822915 | BB&T Attention: John P. Harmon 301 College Street Greenville, SC 29601 |
| 97 | 6016 Santa Monica Dr., Tampa, FL 33615 | M.V. & J.V. | M.H. | Countrywide 171112475 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 98 | 610 W. Glenwood Ave., West Wildwood, NJ 08260 | R.R. & D.R. | L.B. | Wachovia 0007911724-00 | Wells Fargo Home Mortgage Attention: Legal Department 1 Home Campus MACX2401-06T Des Moines, IA 50328 |
| 99 | 65 Woodbine Ave., Havertown, PA 19083 | J.J. & A.J. | D.V. | Superior Home Mortgage 610-06445 | Superior Home Mortgage Attention: Legal Department 854 S. White Horse Pike Augusta Professional Center Hammonton, NJ 08037 |
| 100 | 664 Windsor Ave., Maple Shade, NJ 08052 | K.C. & S.C. | V.T. & F.T. | Countrywide 190419481 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 101 | 7 Davis Drive, Bridgeton, NJ 08302 | J.R. | L.P. | Flagstar Bank 502002611 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 102 | 7641 E 106th Ave., Crown Point, IN 46307 | R.W. & N.W. | G.G. | Chase 1161367284 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 103 | 8 Stevens Road, Kendall Park, NJ 08824 | C. S.-N. | L.P. | Chase 1749478334 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 104 | 80 St. Marys St., Wharton, NJ 07885 | M.W. & D.W. | J.B. | Countrywide 168259109 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 105 | 801 Glasgow St., Stowe, PA 19464 | P.H. | M.B. | Flagstar Bank 502300768 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 106 | 805 Ivydale Ave., Reistertown, MD 21136 | L.A. | F.T. & V.T. | Countrywide 175381159 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC 28255-0001 |
| 107 | 812 Ridge Ave., Asbury Park, NJ 07712 | M.H.S. | F.P. & S.P. | Flagstar Bank 502252059 | Flagstar Bank Attention: Legal Department 5151 Corporate Drive Troy, MI 48098 |
| 108 | 83 Park Ave., Engelwood, NJ 07631 | W.H. & C.H. | M.P. | GMAC 0-477600258 | GMAC Summons Department GMAC Res. Cap. Attention: Legal Staff 190-FTW-L95 1100 Virginia Drive Fort Washington, PA 19034 |
| 109 | 84 Azalea Circle, Jackson, NJ 08527 | P.D. | S.T. | Chase 1760765351 | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA 70801 |
| 110 | 851 Phillips Road, Warminster, PA 18974 | W.G. & B.G. | J.A. | AmTrust Bank 1218404 | AmTrust Bank Legal Department Attention: Sue Aukerman 1801 E. 9th Street Cleveland, OH 44114 |
| 111 | 9 Arnet Place, Cranford, NJ 07016 | D.B. | J.B. | Citi Mortgage 2005081290-6 | CitiMortgage Attention: John James 1000 Technology Drive MS140 O'Fallon, MO 63368 |

| | Subject Property | Original Homeowner | Investor/ "Straw Buyer" | Original Lender & Account | Lender/Servicer Contact Information |
|---|---|---|---|---|---|
| 112 | 9 Goldweber Ave., Jackson, NJ 08527 | C.C. | T.B. | Bank of America 6585317206 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 113 | 962 Lenape Drive, Cape May, NJ 08204 | E.H. | S.T. | Countrywide 176999056 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 114 | 9731 Chapel Rd., Philadelphia, PA 19115 | A.Z. | Y.K. | Citi Mortgage 2004971726 | CitiMortgage Attention: John James 1000 Technology Drive MS140 O'Fallon, MO  63368 |
| 115 | 99 Mount Lane, Toms River, NJ 08753 | D.M. & C.M. | Y.K. | Bank of America 6880069619 | Bank of America Attn: Legal & Subpoena Group 100 N. Tryon Street Charlotte, NC  28255-0001 |
| 116 | Doubletree Condo, Unit 56 56 Winterberry Ct. Glassboro, NJ  08028 | E.S. & L.S. | M.M.W. | Integrated Funding (Financial) Group - Langhorne, PA | Chase Court Orders & Levies Dept. 451 Florida Street Baton Rouge, LA  70801 |
| 117 | 271 Uxbridge Dr. Cherry Hill, NJ 08034 | D.B. & J.B., L.K. & M.K. | D.M.I. | Lehman Bros. Bank | Aurora Bank 1000 N. West St., Suite 200 Wilmington, DE 19801 |
| 118 | 4744 West St. Whitehall, PA 18052 | J.C. | J.M. | Oak Mortgage Company 010903727 | First Niagara Bank Legal Documents 726 Exchange St., Suite 618 Buffalo, NY 14210 |
| 119 | 364 E. Mechanic St. Philadelphia, PA 19144 | E.R. | C.H. | Parke Bank 2691 | Parke Bank P.O. Box 40 Sewell, NJ 08080 |
| 120 | 5050 Germantown Ave. Philadelphia, PA 19144 | E.R. | J.M. | Parke Bank 2859 | Parke Bank P.O. Box 40 Sewell, NJ 08080 |