

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 10-7242 |
| | : | |
| DeMARCO REI, INC., | : | |
| OPM GROUP, LLC, and | : | |
| ANTHONY J. DeMARCO, III | : | |

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff United States of America, and the signatories to this Confidentiality Stipulation and Order ("Order") and/or the attached Exhibit A, through their undersigned attorneys, that the plaintiff and signatories will be bound by the terms and conditions of this Order covering disclosure and handling of documents produced and disclosed to one another as set forth below:

1.      This is a civil action brought by the United States to enjoin defendants DeMarco REI, Inc., OPM Group, LLC, and Anthony J. DeMarco, III, from committing further mail fraud and banking law violations, in connection with a home foreclosure rescue scam; prevent the disposition of property obtained as a result of the defendants' banking law violations; and take other necessary actions to prevent continuing and substantial injury to victims of the fraud.

2.      The United States seeks relief in this action that will extend beyond the parties to reach the homeowners, the "straw" purchasers, and the mortgage lenders discussed in the Complaint in this action, filed December 14, 2010.  One purpose of the action is to bring all the individuals and entities that have a stake in the properties listed in Exhibit B before the Court to create an orderly mediation process by which the damage caused by the defendants' fraud can be mitigated.

3.     Definitions applicable to this Order are:

a.     The properties listed in the first column of Exhibit B, "Subject Property," are hereafter termed "Properties," collectively, or "Property," individually.

b.     The persons listed in the second column of Exhibit B, and identified by their initials, are hereafter termed "Original Homeowner(s)."

c.     The persons listed in the third column of Exhibit B, and identified by their initials, are hereafter termed "Borrower(s)."

d.     The financial institutions listed in the fourth column of Exhibit B are hereafter termed "Financial Institution(s)."

e.     "Original Homeowner Committee" is comprised of Robert Cocco, Esq., Richard Myers, Esq., and Kyle Rosenkrans, Esq."

f.     "Financial Institution Committee" is comprised of Stu Seiden, Esq., Brett Messinger, Esq., and Marty Bryce, Esq.

4.     Creation of the mediation process, and evaluation of the ability of Original Homeowners, Borrowers, and Financial Institutions to reach resolutions to disputes involving the Properties, requires the United States and the Original Homeowners, Financial Institutions, Borrowers, Original Homeowner Committee, and Financial Institution Committee to exchange documents and files containing information that may be protected from public disclosure by the Privacy Act, 5 U.S.C. § 552a, the privacy exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b), the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801-6809, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681t. The documents include broker files for the Properties, title company files for the Properties,

mortgage lender records for the Properties, and other documents containing financial information and personally identifying information of the Original Homeowners, such as date of birth, home address, home telephone number, and social security number.

    5.    The United States and the signatories to this Order and/or Exhibit A have agreed to the exchange of the documents and information set forth above pursuant to the terms of this Order. This Order is designed to maintain confidentiality of the records and information that will be disclosed pursuant to this Order and to allow the production of those records to the United States and the signatories, or their agents and support staff, for use in this litigation without so many redactions as to render them useless and meaningless for purposes of the litigation. Any person having access to these documents shall be informed that they are confidential and subject to non-disclosure and must agree to be bound to the terms of this Order by executing the form, attached hereto as Exhibit A.

    6.    The Court finds that such documents or information set forth above may be protected from public disclosure by the Privacy Act, 5 U.S.C. § 552a, the privacy exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b), the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801-6809, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681t. These Acts permit disclosure where the subject of the record consents, an exception applies, or there is a Court order.

    7.    The Court finds that good cause exists for the issuance of an Order requiring limited disclosure of such information and that entry of this Order is appropriate pursuant to Fed.R.Civ.P. 26(c).

**IT IS HEREBY ORDERED THAT:**

As necessary for this litigation, creation of the mediation process, and evaluation of the ability of Original Homeowners, Borrowers, and Financial Institutions to reach resolutions involving the Properties, the applicable documents and information shall be disclosed to counsel for the United States, and to the signatories to this Stipulation and Exhibit A, for inspection, copying, and use as necessary in this litigation.

The confidential information set forth above may be disclosed only to counsel for the United States, and to the signatories to this Stipulation and Exhibit A, and those working with them, to be used only during the course of this litigation and for no other purpose. Disclosure in this litigation also includes disclosure to support staff working with the attorneys on this case.

Anyone involved in this litigation and the mediation process who wishes to receive the confidential information set forth above shall agree to be bound by the terms of this Order and shall not distribute, show, disseminate, duplicate (including without limitation to photostatic reproduction and preparation of verbatim handwritten copies), disclose, discuss or correspond to or with any person other than those persons specified in this Order without leave of Court regarding such documents and such agreement to comply with the foregoing shall be evidenced in writing by signing Exhibit A. Designated information shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than litigation of this action, and the creation and carrying out of the mediation process. A copy of this Order shall accompany all of the documents covered by its terms and shall be binding upon all persons to whom the documents are shown.

4

Persons bound by this Order shall not further disclose any information disclosed pursuant to this Order.  Persons who obtain the confidential information pursuant to this Order may use or disseminate such confidential information only in connection with or preparation for dealings in this case and not for any other purpose and shall not at any time show, display, reveal, or discuss such confidential information or the contents thereof to or with any person other than those persons specified in this Order without leave of Court.  Any copies of information or summaries of information prepared shall be protected from disclosure except as needed in this litigation.

If any person bound by this Order intends to utilize any document containing personally identifiable information so that it may become a matter of public record (e.g., court filing, deposition exhibit, trial exhibit), all personally identifiable information shall be redacted from each document, as mandated by the Privacy Act, as well as  Local Rule Number 5.1.3 of the United States District Court, Eastern District of Pennsylvania.

If any person bound by this Order wishes to modify the Order or its application to certain persons, documents or information, the person shall first request such modification from the others bound by this Order, and if no satisfactory agreement is reached, the person may petition the Court for modification.  Until modification is granted by agreement or order, the terms of this Order will govern.  Provision for use of such information at trial shall be similarly made by agreement or by pre-trial order governing the use and protection of the record.

At the conclusion of all litigation, all confidential information set forth above shall be destroyed (shredded) or returned to the provider within sixty (60) days of the conclusion of the above lawsuit.  If these documents are properly destroyed, the person destroying such documents shall so notify, in writing, the Assistant United States Attorneys appearing as counsel of record for the United States.

SO ORDERED, this _____ day of _____ APRIL _____, 2011.

**BY THE COURT:**

_____
**HONORABLE MICHAEL M. BAYLSON**
*Judge, United States District Court*

CONSENTED TO:

ORIGINAL HOMEOWNER COMMITTEE, BY:

_____
Richard Myers, Esq.
Dated:

_____
Robert Cocco, Esq.
Dated:

_____
Kyle Rosenkrans, Esq.
Dated:

*Fax*
*cc:* Adams
Bettino
Wojtylak
Coughun
Myers
Fiorvanti
Fein
Seedn
Kinis
Messinger
McBride
Walsh
Bryce
Issacs

*mail*
Sliwinski
O'Shea
Smith
Blume
Hutchison
Memeyer

6